NATIONAL BANK OF COMMERCE IN
MEMPHIS and John S. Montedonico,
Co-Executors of the Estate of Elizabeth
G. Frank, Deceased, Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. No. 67–256.

United States District Court
W. D. Tennessee, W. D.

June 28, 1968.

Charles H. Davis, Memphis, Tenn.,
for plaintiff.

Thos. L. Robinson, U. S. Atty., Memphis, Tenn., H. Stennis Little, Jr., Dept. of Justice, Washington, D. C., for defendant.

## OPINION ON MOTION FOR SUMMARY JUDGMENT

ROBERT M. McRAE Jr., District Judge.

National Bank of Commerce in Memphis and John S. Montedonico, Co-Executors of the Estate of Elizabeth G. Frank, initiated this action against the United States of America for refund of alleged overpayment of Federal Estate Tax in the amount of $82,601.37, plus interest. The plaintiffs and the defendant have made motions for summary judgment.

In the decedent's will four residuary trusts were created wherein the income from the trusts is to be distributed to named beneficiaries for their lives. The remainders of the trusts are left to certain named charities. The assets of the trusts included undivided interests in ten parcels of improved real estate located in the City of Memphis. For Estate tax purposes the plaintiffs computed the value of the life estates upon an actuarial basis which used the life expectancies of the life beneficiaries. The value used was the value of the land and improvements as of the date of decedent's death. The value of the remainder was considered a charitable bequest and therefore non-taxable.

On the Income Tax Returns for the trusts the trustees have taken deductions for depreciation of the improvements to the real estate on a twenty year basis.

The life tenants were 63, 58, 57 and 29 years of age respectively at the date

of the death of the decedent. The government contends that the probabilities of the life tenants surviving twenty years are 24.1, 39.8, 43 and 91.4 percent respectively. The government insists that since the real estate improvements are being depreciated on the basis of a twenty-year life for income tax purposes and because the life expectancy of the income beneficiaries is greater than twenty years, as determined actuarially, the possibility that the charities will not take is not "clearly" so remote as to be negligible.

The government's contention is based primarily on Treas. Reg. on Estate Tax, Sec. 20.2055–2(b) which provides in part as follows:

> "If, as of the date of a decedent's death, a transfer for charitable purposes is dependent upon the performance of some act or the happening of a precedent event in order that it might become effective, no deduction is allowable unless the possibility that the charitable transfer will not become effective is so remote as to be negligible."

Although the trust instrument gives the trustees the discretionary power to maintain a depreciation reserve, such a reserve is not being maintained. However, both the trust instrument and the law of Tennessee require life tenants to bear the cost of proper maintenance and repair.

The government argues that by allowing the income beneficiaries of the trusts an annual tax deduction for depreciation on the real estate improvements, the value of the improvements are being annually exhausted, thereby depleting the value of the charitable remainder to the same extent that the tax deduction for depreciation is being taken.

No exact method has been devised for the valuation of improved real estate for Estate Tax purposes. When the proper tax depends upon the valuation of a remainder interest subject to a life estate the problem becomes more difficult. By the same token, no exact method has been devised for the determination of the projected life of improvements for the purpose of depreciation for income tax purposes. Congress and the Treasury Department have devised the best known method of calculating these factors which apply to different taxes. The proper application of one set of these Treasury regulations should not interfere with the proper application of the other.

This Court cites with approval pertinent portions of the opinion of J. C. Gutman, 41 U.S. Board of Tax Appeals Reports 816:

> "Without the power of prophecy no one can state the value of the property at some time in the future. * * * If omniscience enabled us to value property in the future, then depreciation for the same period might logically be deducted. Absent such omniscience, the element of depreciation must obviously not enter into consideration. The property might greatly increase in value, even though there was depreciation, and might decrease in value far more than mere depreciation."

The Court overrules defendant's Motion for Summary Judgment. Plaintiffs' Motion for Summary Judgment is granted and a judgment for refund in the appropriate amount, plus interest, should be prepared and submitted for entry.